FILED

2017 JAN 18 AM 8:56

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Civil Case Number: 3:17-CV-52-J-20MCR

Daniel Hudgen,

    Plaintiff,

vs.

Verizon d/b/s Verizon FiOS; and DOES 1-10, inclusive,

    Defendants.

## COMPLAINT

For this Complaint, the Plaintiff, Daniel Hudgen, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Daniel Hudgen ("Plaintiff"), is an adult individual residing in Jacksonville Beach, Florida, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4. The Defendant, Verizon d/b/s Verizon FiOS ("Verizon"), is a New York business entity with an address of 1095 Avenue of the Americas, New York, New York 10036, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual agents employed by Verizon and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. Verizon at all times acted by and through one or more of the Agents.

## FACTS

7. Within the last four years, Verizon called Plaintiff's cellular telephone, number 302-XXX-3620 in an attempt to contact a person other than Plaintiff, hereafter the "Debtor."

8. During all times mentioned herein, Verizon called Plaintiff by using an automatic telephone dialer system ("ATDS" or "predictive dialer") and by using an artificial prerecorded voice.

9. Upon answering the calls from Verizon Plaintiff was met with a prerecorded voice instructing him to dial different numbers to indicate (1) if he was the Debtor, (2) if he was not the Debtor, or (3) to speak with a live representative.

10. On multiple occasions, Plaintiff followed the automated prompt to be removed from Verizon's calling list, however, the calls continued.

11. On other occasions, Plaintiff followed the automated prompt to be connected to a live agent.

12. Plaintiff advised Defendant's agent on multiple occasions that he was not the Debtor and it was calling the wrong number to reach the Debtor.

13. Plaintiff further demanded all calls to him stop.

14. Despite the foregoing, Verizon continued calling Plaintiff through use of its automated calling system.

## COUNT I

## VIOLATIONS OF THE TCPA 15 U.S.C. § 1692, et seq.

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. Plaintiff never provided his cellular telephone number to Verizon and never provided his consent to be contacted on his cellular telephone.

17. Without prior consent Verizon contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

18. Defendants continued to place automated calls to Plaintiff's cellular telephone after being advised multiple times it had the wrong number and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19. The telephone number called by Defendant was and is assigned to a cellular telephone for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20. The calls from Verizon to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

22. Verizon's telephone system has the capacity to store numbers in a random and sequential manner.

23. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

24. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 12, 2017

Respectfully submitted,

By /s/ *Stan Michael Maslona*
Stan Michael Maslona, Esq.
Lemberg Law, LLC
Bar No: 86128
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
smaslona@lemberglaw.com